# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICARDO CENDEJAS,
               Appellant,

       v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBER
SF-0752-15-0441-B-2

DATE: April 4, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter J. Horton, Esquire, Westlake Village, California, for the appellant.

Alexandra Lynne Abbey, Esquire, and Richard D. Ruppe, Esquire, San Diego, California, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed his removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the remand initial decision, and DO NOT SUSTAIN the removal action.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    The agency removed the appellant, a GS-06 Police Officer, based on charges of failure to follow standard operating procedure and sleeping on duty, and the parties settled his subsequent Board appeal of that action. *Cendejas v. Department of the Navy*, MSPB Docket No. SF-0752-14-0180-I-1, Initial Decision (Apr. 2, 2014). Pursuant to the last chance agreement (LCA)[2] settling that appeal, the agency agreed, in pertinent part, to cancel the appellant's removal, and he agreed to waive his Board appeal rights such that the agency may effect his removal under the cancelled action "if at any time within the next 24 months his performance, conduct, and/or attendance are less than satisfactory." *Cendejas v. Department of the Navy*, MSPB Docket No. SF-0752-15-0441-I-1, Initial Appeal File (IAF), Tab 5 at 19-22.

¶3    In keeping with the parties' agreement, the agency reassigned the appellant to another duty station, and, at his supervisor's request, the appellant volunteered to attend training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. *Id.* at 19-25. The appellant attended the training and experienced several injuries, including a fractured rib; he thereafter attempted to continue the training, but he failed two exams, which made him ineligible to graduate from the FLETC program and required him to return immediately to his duty station in California. IAF, Tab 5 at 24; Tab 6 at 14-15. The agency subsequently reinstated the prior removal action pursuant to the LCA, notifying the appellant that, due to his failure to complete the FLETC training, he had failed to demonstrate acceptable performance and meet a condition of

---

[2] An LCA is a type of settlement agreement in which a disciplinary or adverse action is held in abeyance in exchange for a waiver of certain statutory rights. *See, e.g.*, *Ferby v. U.S. Postal Service*, 26 M.S.P.R. 451, 453 (1985). Should the employee not comply with the terms of the agreement, the previously proposed action is imposed, and the employee's right to challenge the action is limited by the terms of the agreement. *Id.* at 453, 455-56.

employment, and that he therefore had violated the terms of the parties' agreement. IAF, Tab 5 at 19-22, Tab 6 at 11-13. This appeal followed.

¶4 In his appeal, the appellant argued that his failure to pass the FLETC course did not indicate poor performance and that, because he volunteered for the FLETC training, it was not a condition of his employment. IAF, Tab 1. Without holding the requested hearing, the administrative judge granted the agency's motion to dismiss the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that he complied with the LCA or that the agency breached it. IAF, Tab 8, Initial Decision at 1, 5-7.

¶5 The appellant filed a petition for review of that decision, and the Board found his sworn statement asserting that he had volunteered for the FLETC training course, the successful completion of which was not required as a condition of his employment, and his claim therein that he was unable to pass the course based on medical reasons, comprised a nonfrivolous allegation that he did not breach the LCA. *Cendejas v. Department of the Navy*, MSPB Docket No. SF-0752-15-0441-I-1, Remand Order (Feb. 18, 2016). Accordingly, we remanded the appeal for a jurisdictional hearing to resolve the issue of the appellant's compliance with the LCA. *Id.*; *see Williams v. Department of the Treasury*, 52 M.S.P.R. 344, 347 (1991) (finding that, when an appellant makes a nonfrivolous allegation of fact that he did not breach an LCA, a jurisdictional hearing is warranted to resolve the issue of compliance).

¶6 After dismissing the appeal without prejudice subject to automatic refiling, the administrative judge held a hearing and found that attending the FLETC training was a condition of the appellant's employment and that his failure to successfully complete the training was a performance issue that was both contemplated by the LCA and reflected less than satisfactory performance. *Cendejas v. Department of the Navy*, MSPB Docket No. SF-0752-15-0441-B-2, Remand File, Tab 1; Tab 5, Remand Initial Decision (RID) at 5-10. Thus, she found that the appellant failed to establish by preponderant evidence that he

complied with the LCA when he performed less than satisfactorily by failing the FLETC training course and dismissed the appeal for lack of jurisdiction. RID at 10.

¶7     In his petition for review, the appellant reiterates that he volunteered for FLETC training and argues that, because the agency did not discipline any of his colleagues who elected not to attend FLETC training, it was not mandatory. Remand Petition for Review (RPFR) File, Tab 1 at 8-10. He also argues that he was in good standing when he left for FLETC training and that he had no notice that it could impact his career. *Id.* at 10-12. He contends that, because his training record made him eligible to waive the FLETC training, which the agency ultimately did for tenured officers like him, it was only mandatory for new hires. *Id.* at 12-17. Lastly, the appellant asserts that, if he had simply quit the FLETC training when he was injured, he would not have been removed for poor performance. *Id.* at 17-18. The agency responds in opposition to the appellant's petition for review. RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8     The appellant bears the burden of proving that an appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board lacks jurisdiction over an action taken pursuant to an LCA in which the appellant waives his Board appeal rights, unless he shows that the waiver is unenforceable. *E.g.*, *Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 6 (2010). To establish that the waiver of appeal rights in an LCA is unenforceable, the appellant must show that: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id.* When an employee raises a nonfrivolous factual issue of compliance with an LCA, the Board must resolve that issue before addressing the scope and applicability of a waiver of appeal rights. *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148

(Fed. Cir. 1991). As noted above, the Board remanded the appeal because it found that the appellant made nonfrivolous allegations that he had complied with the LCA. For the following reasons, we find that the appellant proved by preponderant evidence that he complied with the LCA and that the agency acted in bad faith in its execution of the agreement.

¶9      As noted above, the appellant reiterates on review that his eligibility for a waiver of the FLETC training course means that, in his case, the course was voluntary. RPFR File, Tab 1 at 12-13. An agency training officer, who was responsible for ensuring that members of the appellant's unit were in compliance with their training requirements, testified that he knew that the appellant attended FLETC training on a voluntary basis "[b]ecause I was there when he volunteered to go." Hearing Transcript (HT) at 13. More importantly, the training officer also testified that FLETC training was never mandatory for tenured officers like the appellant, who was eligible for a waiver from the requirement. HT at 16, 18. He also testified that none of the 29 waiver requests he submitted were denied and, as a result, the agency had sent none of the other tenured officers assigned to the appellant's duty station to the FLETC training. HT at 19.

¶10     Even though the training officer testified that he did not personally learn of the waiver policy until April 2015, his interpretation of the policy was that the appellant would have remained eligible for the waiver even after he failed the FLETC training course in 2014. HT at 16, 23. Moreover, he testified that, if the appellant still were employed there once the policy became known, he "would have done a waiver for him and sent it up for approval." HT at 23. Despite the training officer's testimony that neither he nor his command staff were aware of the waiver policy in 2014 when the appellant failed the FLETC course, the record reflects that the agency implemented the pertinent training instruction, Commander Navy Installations Command Instruction 5530.14A, on May 29, 2013, and that it explicitly provides for the waivers described in the training officer's testimony. IAF, Tab 5 at 37, 40; HT at 14. Because the record

establishes that the appellant was eligible for and, as the agency training officer testified, the appellant more likely than not would have received a waiver of the FLETC training requirement, we find that attending the FLETC training was not a condition of employment and, consequently, that his failure to pass the training did not reflect less than satisfactory performance. Accordingly, we find that the appellant complied with the settlement agreement.

¶11 Moreover, because an LCA is a contract, and an implied term of every contract is that each party will act in good faith towards the other, a party may breach an LCA by acting in bad faith. *Posey v. Department of Defense*, 106 M.S.P.R. 472, ¶ 8 (2007). Contracts impose on the parties thereto a duty to do everything reasonably necessary to facilitate performance, and the Board will enforce an appellant's rights derived from an LCA. *See Link v. Department of Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995). Accordingly, we find that the good faith implementation of the LCA here would require the agency to apply its waiver policy.

¶12 Based on the foregoing, we find that the administrative judge erred in finding that the appellant failed to show that he complied with the LCA when he failed the FLETC training course and that the waiver portion of the LCA deprives the Board of jurisdiction over this appeal. We find that the appellant established his compliance with the LCA insofar as his performance was satisfactory. As the alleged violation of the LCA was the sole basis for the agency's action terminating the appellant's employment and, absent the waiver of appeal rights associated with the LCA, this removal action was clearly within the Board's adverse action jurisdiction, we find that the Board has jurisdiction over his removal appeal and that the agency improperly removed him pursuant to the LCA. *See Smith*, 113 M.S.P.R. 592, ¶ 12.

**ORDER**

¶13     We ORDER the agency to cancel the appellant's removal action and to reinstate him to his former position effective December 19, 2014.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶14     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶15     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶16     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶17     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3]Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.